UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH ALFRED LINVILLE, JR.,

                Petitioner,

   v.

ROBERT JACKSON,

                Respondent.

Case No. C22-5241-LK-MLP

ORDER TO SHOW CAUSE

      Petitioner Kenneth Alfred Linville, Jr., proceeding *pro se*, is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet. (dkt. # 4).) Petitioner seeks to challenge a 2014 judgment and sentence of the Thurston County Superior Court. (*Id.* at 1.)

      Based on his petition, it appears Petitioner was convicted on 137 counts, including *inter alia* "leading organized crime," trafficking in stolen property, theft, possession of stolen property, and unlawful possession of a firearm. (*See* Pet. at 1.) Petitioner indicates in his petition that he filed a direct appeal to the Washington Court of Appeals and that the Court of Appeals granted him relief in part on a claim of ineffective assistance of counsel due to his trial counsel's alleged failure to object to joinder of offenses. (*Id.* at 2; *see State v. Linville*, 199 Wn. App. 461,

ORDER TO SHOW CAUSE - 1

471 (Wash. Ct. App. 2017)). Petitioner notes that the Washington Supreme Court later reversed and remanded the Court of Appeals' finding of ineffective assistance of counsel. (*Id.* at 2-3 (citing *State v. Linville*, 191 Wn.2d 513, 525-26 (2018)).) Petitioner subsequently filed a personal restraint petition ("PRP") to the Court of Appeals, again raising his claim of ineffective assistance of counsel, which was denied as frivolous on March 18, 2022.[1] (Pet. at 3, 5; dkt. # 4-1 at 1-2.) Petitioner notes that he did not seek review of the ineffective assistance of counsel claim raised in his PRP by the Washington Supreme Court because he alleges it does not meet the criteria for review. (*See* Pet. at 5-6, 12.)

In this case, it appears Petitioner now seeks habeas relief on the sole ground that the Court of Appeals' determination on his ineffective assistance of counsel claim in his PRP is in conflict with federal law. (Pet. at 6.) Specifically, Petitioner notes the Washington Supreme Court, in its reversal of the Court of Appeals on direct appeal, determined Petitioner failed to demonstrate that he was provided ineffective assistance due to a lack of evidence in the trial record. (*See id.*) Petitioner argues that he submitted with his PRP emails from his trial counsel, which he acquired after his direct appeal, that demonstrate his trial counsel's performance was ineffective. (*Id.*; dkt. # 4-1 at 4-6.) As a result, Petitioner seeks to have the Court of Appeals' ruling on his direct appeal restored. (Pet. at 15.)

To obtain relief under § 2254, a petitioner must demonstrate that his claim for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial

---

[1] Based on the Court of Appeals' Order on Petitioner's PRP, the mandate on Petitioner's direct appeal issued on October 1, 2020. (Dkt. # 4-1 at 1 n.1.) Petitioner therefore timely filed his PRP to the Court of Appeals on June 24, 2021. (*Id.*) A certificate of finality on Petitioner's PRP was due to issue from the Court of Appeals on April 19, 2022. *See* Certificate of Finality, *Matter of Linville, Jr.*, Court of Appeals Cause No. 55853-0-II.

ORDER TO SHOW CAUSE - 2

opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, Petitioner's habeas petition clearly notes that his single ground for relief—in regard to his claim of ineffective assistance of trial counsel as raised in his PRP—has not been presented to the Washington Supreme Court. (*See* Pet. at 12.) Consequently, it appears the Washington Supreme Court has not been provided an opportunity to address Petitioner's ground for relief, and thus, that claim remains unexhausted for purposes of federal habeas review. Petitioner is advised that he must have presented his federal habeas claim to *both* the Washington Court of Appeals and the Washington Supreme Court to satisfy the exhaustion requirement.

Accordingly, after careful consideration of the petition, supporting materials, governing law and the balance of the record, the Court ORDERS as follows:

(1) Petitioner shall SHOW CAUSE no later than **thirty (30) days** from the date on which this Order is signed why this matter should not be dismissed for failure to satisfy the exhaustion requirement. Petitioner may comply with this Order by filing a brief that addresses the Court's concerns and explains why it would be proper to proceed with this action. **If Petitioner does not timely file a response to this Order, the Court will recommend that this matter be dismissed.**

ORDER TO SHOW CAUSE - 3

(2) The Clerk of the Court is directed to send copies of this Order to Petitioner and to the Honorable Lauren King. The Clerk is further directed to note this matter on the Court's calendar for **May 25, 2022**, for review of Petitioner's response to this Order to Show Cause.

Dated this 25th day of April, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4