UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH ALFRED LINVILLE, JR.,

       Petitioner,

 v.

ROBERT JACKSON,

       Respondent.

Case No. C22-5241-LK-MLP

REPORT AND RECOMMENDATION

### I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2254. Petitioner identified a single ground for relief in his petition, asserting that his trial counsel rendered ineffective assistance by failing to object to the improper joinder of charges. (Dkt. # 4 at 5.) Respondent, in his answer to the petition, argues that Petitioner failed to properly exhaust his sole ground for relief and that the claim is now procedurally barred under state law. (*See* dkt. # 9.)

Petitioner did not file a response to Respondent's answer, but instead, filed a motion to stay and abey his petition in order to seek review in the sentencing court of an ineffective assistance of counsel claim "as it relates to firearms." (Dkt. # 13.) Respondent opposes Petitioner's motion. (Dkt. # 14.) Petitioner did not file a reply.

REPORT AND RECOMMENDATION
PAGE - 1

This Court, having considered the parties' submissions, the balance of the record, and the governing law, concludes that Petitioner's motion to stay and abey should be denied, but that he should be granted a brief extension of time to file a response to Respondent's answer should he desire to do so.[1]

## II.   DISCUSSION

A district court, on federal habeas review, has discretion to stay a petition, and hold it in abeyance, to allow a petitioner an opportunity to present his unexhausted claims to the state courts. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). However, the stay and abeyance procedure is available only in limited circumstances. *Id*. at 277. In *Rhines*, the Supreme Court identified the following circumstances which would justify a stay: (1) the petitioner has good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

As noted above, Petitioner presented a single ground for relief in his federal habeas petition, alleging ineffective assistance of counsel relating to the joinder of charges. Respondent argues that the claim has not been properly exhausted because it was never presented to the Washington Supreme Court and that the claim is now procedurally barred. (*See* dkt. # 14 at 1-2.) In his motion to stay and abey, Petitioner identifies, somewhat vaguely, an additional ground for relief relating to ineffective assistance of counsel and firearms.[2] (Dkt. # 13 at 2.) Petitioner

---

[1] Petitioner's motion to stay must be decided by a District Judge. *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (holding that Magistrate Judges do not have jurisdiction to rule on motion to stay and abey that is dispositive as to the unexhausted claims).

[2] Petitioner was convicted following a jury trial on 137 counts, including multiple counts involving firearms. (*See* dkt. # 10, Ex. 1.) Petitioner was sentenced to a total term of 914-months confinement, which includes 240 months for four firearm sentencing enhancements. (*Id*.)

REPORT AND RECOMMENDATION
PAGE - 2

claims that he recently discovered his trial counsel failed to present evidence at sentencing with respect to weapons possession and enhancements that would have significantly lowered his sentence if it had been considered. (*Id*.) Petitioner asserts that the "matter" has been submitted to the sentencing court in Thurston County, and he suggests that it is relevant to his federal habeas petition because his petition also asserts a claim of ineffective assistance of counsel. (*Id*. at 2-3.)

As Respondent correctly notes, Petitioner does not explain in his motion what the "matter" is that he claims he submitted to the state court or what procedural mechanism he is using. (Dkt. # 14 at 2.) A review of the Thurston County Superior Court docket in Petitioner's underlying criminal case reveals that Petitioner filed a "Motion for Order to Correct or Modify Judgment and Sentence" on September 26, 2022. *See State of Washington v. Kenneth Alfred Linville, Jr.,* Thurston County Superior Court No. 14-1-00296-7.[3] The Court presumes this is the matter referenced in Petitioner's motion, even though it was not filed until almost three weeks after Petitioner represented to this Court that he had submitted the matter to the sentencing court.

The Court first observes that relevant case law appears to contemplate that the stay and abey procedure will be available only to exhaust claims currently before the district court. *See Rhines*, 544 U.S. at 275-78 (permitting use of the stay and abey procedure in the context of a mixed petition where the petition presented to the district court contained both exhausted and unexhausted claims); *Mena v. Long*, 813 F.3d 907, 910-12 (9th Cir. 2016) (holding that *Rhines* also applies in the context of a petition that includes only unexhausted claims). The claim Petitioner is apparently now attempting to exhaust in the state courts nowhere appears in his federal habeas petition.

---

[3] *Available at* https://odysseyportal.courts.wa.gov.

REPORT AND RECOMMENDATION
PAGE - 3

Assuming that Petitioner's failure to assert his new ineffective assistance of counsel claim in his federal habeas petition is not dispositive of his motion to stay and abey, this Court concludes that Petitioner has nonetheless failed to demonstrate he is entitled to a stay under the criteria identified in *Rhines*. First, Petitioner has made no showing of good cause for his failure to exhaust. Petitioner claims in his motion that he "[r]ecently" discovered he had an opportunity to have the sentencing court examine his new ineffective assistance of counsel claim. (Dkt. # 13 at 2.) This vague assertion does not speak to why Petitioner, through the exercise of reasonable diligence, could not have discovered the claim sooner, and why he could not have presented it to the state courts when he first sought collateral review in the state courts in 2021.

Second, the claim Petitioner is now attempting to exhaust is not potentially meritorious because Washington law bars Petitioner from further attempting to raise claims in the state courts. RCW 10.73.090(1) provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Here, pursuant to RCW 10.73.090(3)(b), Petitioner's judgment became final for purposes of state law on the date the Court of Appeals issued its mandate terminating direct review, which was September 28, 2020. (*See* dkt. # 10, Ex. 19). More than a year has elapsed since the mandate issued and none of the exceptions to the one-year limitations period appear to apply here. *See* RCW 10.73.100. Thus, while Petitioner has apparently filed a motion for collateral attack in the sentencing court, it seems likely the state courts will ultimately conclude the claim is untimely and therefore decline to consider it.

//

//

REPORT AND RECOMMENDATION
PAGE - 4

### III. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's motion to stay and abey his federal habeas petition be denied. The Court further recommends that Petitioner be granted an opportunity to file a response to Respondent's answer demonstrating that the lone claim asserted in his petition is eligible for federal habeas review. The Clerk shall strike the noting date for Respondent's answer (dkt. # 9) pending final resolution of the motion to stay and abey, at which time this Court will establish a new response deadline for Petitioner and re-note Respondent's answer for consideration. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 28, 2022**.

DATED this 5th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge