UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH ALFRED LINVILLE, JR., <br><br>　　　　　　　Plaintiff, <br>　v. <br><br>ROBERT JACKSON, <br><br>　　　　　　　Defendant. | CASE NO. 3:22-cv-05241-LK-MLP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Michelle L. Peterson. Dkt. No. 15. Neither party has filed objections. Having reviewed the Report and Recommendation and the balance of the record, the Court adopts the Report and Recommendation as set forth below.

## I.　　INTRODUCTION

Mr. Linville, who is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 convictions in Thurston County Superior Court for "leading organized crime," burglary, trafficking in stolen property, theft, possession of stolen property, and unlawful possession of a

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

firearm. Dkt. No. 4 at 1. He seeks habeas relief on the sole ground that the Court of Appeals' determination of his ineffective assistance of counsel claim conflicts with federal law. *Id.* at 5. Respondent answered the petition and argued that Mr. Linville failed to exhaust that claim and as a result, it is procedurally barred. Dkt. No. 9 at 14–16. Mr. Linville did not file a response to the answer but instead, filed a motion to stay and hold this case in abeyance while he seeks state review of an ineffective assistance of counsel claim "as it relates to firearms." Dkt. No. 13 at 2. Specifically, he claims that he "discovered that his counsel failed to present evidence at sentencing as it went to weapons possession and enhancements," and that if this evidence was considered at sentencing, he "would have received a significantly lower sentence." *Id.* Respondent opposes the motion. Dkt. No. 14.

## II.   DISCUSSION

As Judge Peterson explained, a district court reviewing a habeas petition has discretion to stay the petition and hold it in abeyance to allow a petitioner an opportunity to present unexhausted claims to the state courts. Dkt. No. 15 at 2 (citing *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005)). However, the stay and abeyance procedure is available "only in limited circumstances." *Rhines*, 544 U.S. at 277. In *Rhines*, the Supreme Court explained that a stay is unwarranted if a petitioner has "engage[d] in abusive litigation tactics or intentional delay," but it would likely be an abuse of discretion "to deny a stay and to dismiss a mixed petition if the petitioner ha[s] good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the Report and Recommendation, Judge Peterson questioned whether the stay and abeyance procedure is available where, as here, the petitioner is attempting to return to state court to exhaust a claim that does not appear in his federal habeas petition. Dkt. No. 15 at 3. Judge Peterson did not resolve that issue and explained that even if it is not dispositive, Mr. Linville "has

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

nonetheless failed to demonstrate he is entitled to a stay under the criteria identified in *Rhines*." *Id.* at 4. He has made no showing of good cause for his failure to exhaust, and the claim he now seeks to exhaust "is not potentially meritorious" because it is untimely. *Id.* The Court agrees on both counts.

First, although Mr. Linville claims that he "[r]ecently" discovered his new claim, Dkt. No. 13 at 2, that vague assertion does not explain why he could not have discovered the claim earlier or presented it to the state courts when he sought collateral review in 2021. Dkt. No. 10-1 at 460–74 (June 2021 personal restraint petition). Second, his new claim appears to be time-barred under Washington law prohibiting a party from bringing a petition or motion for collateral attack "on a judgment and sentence in a criminal case . . . filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Wash. Rev. Code § 10.73.090(1). Mr. Linville's judgment became final on September 28, 2020, more than a year before his recent "discover[y]" of the new claim. *Id.* at § 10.73.090(3)(b) (as relevant here, a judgment becomes final when "an appellate court issues its mandate disposing of a timely direct appeal from the conviction."); Dkt. No. 10-1 at 457–58 (September 28, 2020 mandate of the Court of Appeals); Dkt. No. 13 at 2: Dkt. No. 15 at 3.

In her Report and Recommendation—signed and issued on October 5, 2022—Judge Peterson informed the parties that any objections to the Report and Recommendation had to be filed "within twenty-one (21) days of the date on which [it was] signed" and that "[f]ailure to file objections within the specified time may affect [the parties'] right to appeal." Dkt. No. 15 at 5 (emphasis omitted). No party filed objections. The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

### III. CONCLUSION

Having reviewed the Report and Recommendation and the remaining record, and no party having objected, the Court hereby orders as follows:

(1) The Report and Recommendation, Dkt. No. 15, is ADOPTED;

(2) Mr. Linville's motion to stay and hold this case in abeyance, Dkt. No. 13, is DENIED; and

(3) Judge Peterson shall set a new deadline for Mr. Linville to file a response to Respondent's answer and shall re-note Respondent's answer on the Court's calendar for consideration.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to Mr. Linville at his last known address, and to Judge Peterson.

Dated this 22nd day of November, 2022.

Lauren King
United States District Judge