UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH ALFRED LINVILLE, JR., <br><br> Petitioner, <br><br> v. <br><br> ROBERT JACKSON, <br><br> Respondent. | Case No. C22-5241-LK-MLP <br><br> REPORT AND RECOMMENDATION |

### I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Kenneth Linville is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2015 Thurston County Superior Court judgment and sentence. (Pet. (dkt. # 4).) Respondent filed an answer to the petition and submitted relevant portions of the state court record. (Answer (dkt. # 9); State Ct. Rec. (dkt. ## 10, 10-1).) Petitioner has not filed a response to Respondent's answer, though he was given an opportunity to do so. (*See* dkt. # 17.) This Court, having now reviewed the petition, Respondent's answer, and the balance of the record, concludes that Petitioner's petition for writ of habeas corpus (dkt. # 4) should be denied, and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

### A. Factual Background

The Washington Court of Appeals, on direct appeal, summarized the facts underlying Petitioner's convictions as follows:

> Following an increase in residential burglaries in Thurston County, law enforcement officers noticed similarities among several burglaries. Officers ultimately recovered numerous items taken during the burglaries from Linville's home.
>
> The State charged Linville with 1 count of leading organized crime, 35 counts of residential burglary, 1 count of attempted residential burglary, 4 counts of first degree burglary, 3 counts of second degree burglary, 39 counts of trafficking in stolen property, 17 counts of first degree theft, 18 counts of second degree theft, 1 count of attempted second degree theft, 3 counts of third degree theft, 5 counts of theft of a firearm, 5 counts of identity theft, 4 counts of unlawful possession of a firearm, 1 count of possession of stolen property, and 1 count of possession of a controlled substance, for a total of 138 charges with numerous deadly weapon sentencing enhancements. The State alleged that Linville was armed with a firearm during the commission of the four first degree burglaries. At no point did Linville argue that joinder of any offenses was improper under RCW 9A.82.085.
>
> During the jury trial, the State presented testimony from numerous co-defendants who identified Linville as the instigator and leader of the burglary scheme. The co-defendants' testimony was corroborated by law enforcement officers and victims who described the common characteristics among the burglaries and identified stolen goods recovered from the homes of Linville and his co-defendants.
>
> The jury found Linville guilty of 137 offenses, and he was sentenced to 914 months in prison, which included 240 months for four firearm sentencing enhancements.

(State Ct. Rec. (dkt. # 10-1), Ex. 2 at 2-3 (footnotes omitted).)

### B. Procedural History

Petitioner appealed his convictions to the Washington Court of Appeals. (State Ct. Rec., Exs. 3-5.) Among the issues raised by Petitioner on direct appeal was that his defense counsel

REPORT AND RECOMMENDATION
PAGE - 2

rendered ineffective assistance, in violation of Petitioner's rights under the Sixth Amendment, when counsel moved to sever counts but failed to assert that RCW 9A.82.085 required severance. (*Id*., Ex. 3 at 2-3.) On June 27, 2017, the Court of Appeals issued an opinion, published in part, in which it granted relief on Petitioner's ineffective assistance of counsel claim, reversed Petitioner's convictions, and remanded for separate trials. (*Id*., Ex. 2 at 3-10.)

The State thereafter filed a petition for review in the Washington Supreme Court challenging the Court of Appeals' decision reversing Petitioner's convictions. (*See* State Ct. Rec., Exs. 6-7.) The Supreme Court granted review and gave the parties an opportunity to file supplemental briefs. (*Id*., Ex. 8.) On August 16, 2018, following the parties' submission of their supplemental briefs, the Supreme Court issued an opinion in which it concluded that Petitioner had failed to show ineffective assistance of counsel and, thus, reversed the decision of the Court of Appeals and remanded the case to that court for further proceedings. (*See id*., Exs. 9-11.)

The Supreme Court explained in its opinion that though it agreed with Petitioner's argument that RCW 9A.82.085 barred the State from joining certain charges in its prosecution of Petitioner, it could not decide whether trial counsel's performance was deficient. (*See* State Ct. Rec., Ex. 11 at 2-3, 11-14.) The Court acknowledged that Petitioner's counsel did not object to joinder, but noted that its review was limited to the trial record, which contained no evidence regarding counsel's reasons for not interposing an objection. (*See id*. at 12-13.) The Court concluded that "[o]n this record . . . it is impossible to tell whether Linville's counsel had legitimate reasons for remaining silent in the face of such joinder. It would take a separate collateral challenge with evidence outside the record to figure that out." (*Id*., Ex. 11 at 14.) The Court went on to advise that the appropriate means of having Petitioner's ineffective assistance

REPORT AND RECOMMENDATION
PAGE - 3

claim heard was through a personal restraint petition ("PRP"), which would allow him to submit evidence or facts not in the existing trial court record. (*See id.* at 13-14.)

On remand, the Court of Appeals ordered the parties to submit supplemental briefing on an unrelated issued. (State Ct. Rec., Ex. 12.) Following submission of the supplemental briefs, the Court of Appeals, on April 21, 2020, issued an unpublished opinion in which it affirmed Petitioner's convictions in large part, but remanded the case to the trial court to dismiss one count without prejudice. (*Id.*, Exs. 13-15.) Petitioner thereafter filed a petition for review in the Washington Supreme Court, and the Supreme Court denied review without comment on September 9, 2020. (*See id.*, Exs. 16-18.) The Court of Appeals issued a mandate terminating direct review on September 28, 2020. (*Id.*, Ex. 19.)

On June 4, 2021, Petitioner filed a *pro se* PRP in the Washington Court of Appeals. (State Ct. Rec., Ex. 20.) Petitioner raised two claims in his PRP, including a claim that his trial counsel rendered ineffective assistance by failing to object to the improper joinder of charges under RCW 9A.82.085. (*Id.* at 7.) The Court of Appeals issued an order dismissing the PRP on March 18, 2022, and concluded therein that Plaintiff had not met his burden "of showing the absence of any legitimate tactic explaining his counsel's performance." (*Id.*, Ex. 22 at 1.) The Court of Appeals determined that unsworn statements of Petitioner's trial counsel, which were submitted with the PRP, evidenced that trial counsel had tactical reasons for not objecting to the joinder of charges. (*See id.* at 1-2.) Petitioner did not file a motion for discretionary review in the Washington Supreme Court. On May 2, 2022, the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceedings. (*Id.*, Ex. 23.)

Petitioner submitted his federal habeas petition to this Court for filing on April 8, 2022. (*See* dkt. # 1.) After reviewing the petition, this Court, on April 25, 2022, ordered Petitioner to

REPORT AND RECOMMENDATION
PAGE - 4

show cause why this matter should not be dismissed due to his acknowledgment in his petition that he failed to seek review by the Washington Supreme Court of the ineffective assistance of counsel claim raised in his PRP prior to filing the petition. (Dkt. # 5 at 3.) On May 19, 2022, Petitioner submitted a response in which he argued that he had, in fact, exhausted the state court remedies available to him because he previously presented his ineffective assistance of counsel claim to the Washington Supreme Court in his direct appeal. (Dkt. # 6 at 1-2.) Petitioner asserted that had he resubmitted his claim to the Washington Supreme Court through his personal restraint proceedings, it would have been dismissed as "frivolous" due its similarity to the claim raised in his direct appeal, and therefore, he argued that this Court should accept his habeas petition even though his claim remained unexhausted. (*Id.* at 2-4.)

After reviewing Petitioner's response to the Order to Show Cause, this Court ordered service of the petition on Respondent and directed that an answer be filed. (Dkt. # 7.) Respondent filed an answer on July 11, 2022, in which he argued that Petitioner failed to properly exhaust his sole ground for relief and that the claim is now procedurally barred under state law. (*See* dkt. # 9.) Petitioner did not file a response to Respondent's answer but, instead, filed a motion to stay and abey his petition in order to seek review in the sentencing court of an ineffective assistance of counsel claim "as it relates to firearms." (Dkt. # 13.) The Court denied Petitioner's motion on November 22, 2022, and he was thereafter given an opportunity to file a response to Respondent's answer. (*See* dkt. ## 15-17.) Petitioner elected not to file a response. This matter is now ripe for review.

### III.   GROUND FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

REPORT AND RECOMMENDATION
PAGE - 5

**GROUND ONE:** The Washington State Court of Appeals Decision is in Conflict with Federal Law.

**Supporting facts:**

The Petitioner presented copies of emails acquired after his direct appeal, fully within the time requirements for a timely PRP which demonstrates erroneous reasoning behind counsel['s] failure to object to improper joinder of offenses. The Supreme Court had ruled that counsel was deficient, but not without evidence supporting the assertion. Petitioner found and submitted that evidence in a PRP that previous ruling be "Appealed" of sorts.

(Pet. at 5.)

## IV. DISCUSSION

### A. Exhaustion and Procedural Default

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

"In order to 'fairly present' an issue to a state court, a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009)); *see also Picard*, 404 U.S. at 275-78 (proper exhaustion requires a petitioner to have "fairly

presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory on which the claim is based).

A habeas petitioner who fails to meet a state's procedural requirements for presenting his federal claims deprives the state courts of the opportunity to address those claims in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Presenting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation of the claim for exhaustion purposes. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

As noted above, Petitioner clearly acknowledges in his petition that his single ground for federal habeas relief, *i.e.*, his claim of ineffective assistance of trial counsel as asserted in his PRP, has not been presented to the Washington Supreme Court. (*See* Pet. at 5-6, 12.) Petitioner argued in his response to the Court's Order to Show Cause that his claim is exhausted because it was presented to the Washington Supreme Court on direct appeal and that it would be frivolous to raise again due to its similarity to his previously raised claim. (*See* dkt. # 6.) However, as a matter of comity, Petitioner must have presented his federal habeas claim to *both* the Washington Court of Appeals and the Washington Supreme Court to properly satisfy the exhaustion requirement. *See, e.g., Baldwin*, 541 U.S. at 29; *Coleman*, 501 U.S. at 731.

Petitioner's presentation of his ineffective assistance of counsel claim to the Washington Supreme Court on direct appeal also did not serve to exhaust the claim. The claim was not presented to the Washington Supreme Court in a procedural context in which its merits would be considered, as evidenced by the Supreme Court's explanation that it could not decide the claim

REPORT AND RECOMMENDATION
PAGE - 7

on the record before it and that collateral review was the more appropriate mechanism for pursing the claim. (*See* State Ct. Rec., Ex. 11 at 12-14.)

Moreover, fair presentation requires that a petitioner present to the state courts the same claim, including both the operative facts and the federal legal theory, upon which his claim is based. *See, e.g.*, *Picard*, 404 U.S. at 275-76; *see also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). Here, it is clear that the claim presented in Petitioner's PRP is not the same claim that was presented to the Washington Supreme Court on direct review. Petitioner's articulation of his ineffective assistance of counsel claim in his PRP incorporates and relies upon evidence outside of the trial court record that was not previously presented to the Washington Supreme Court. (*See* State Ct. Rec., Ex. 20, Appendix A.)

Finally, Petitioner's suggestion that it would have been futile to return to the Washington Supreme Court because that Court rejected his claim on direct appeal does not excuse his failure to exhaust. A federal habeas petitioner may not circumvent the exhaustion requirement merely because he believes his claim may be rejected. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Noltie v. Peterson*, 9 F.3d 802, 805-06 (9th Cir. 1993); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Rather, the state courts must be given a full and fair opportunity to consider the merits of a constitutional challenge. Because Petitioner did not present his current ineffective assistance of counsel claim to the Washington Supreme Court, that Court was not afforded a full and fair opportunity to consider the merits of the claim and the new evidence submitted by Petitioner on collateral review. The claim is therefore unexhausted.

When a petitioner fails to exhaust his state court remedies and the court to which the petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of

federal habeas review. *Coleman*, 501 U.S. at 735 n.1. Respondent argues that Petitioner, having failed to properly exhaust his claim in the state courts would now be barred from doing so under RCW 10.73.090. (*See* Answer at 20.)

RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Petitioner's judgment became final for purposes of state law on September 28, 2020, the date the Court of Appeals issued its mandate terminating direct review. *See* RCW 10.73.090(3)(b). It therefore appears clear that Petitioner would now be time barred from returning to the state courts to present his unexhausted claim. *See* RCW 10.73.090. This Court therefore concludes that Petitioner has procedurally defaulted his ineffective assistance of counsel claim.

When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id*. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional

REPORT AND RECOMMENDATION
PAGE - 9

violation has resulted in the conviction of a defendant who is actually innocent. *Murray*, 477 U.S. at 495-96.

Respondent argues in his answer that Petitioner has not made the requisite showing to excuse his procedural default. The Court agrees. Petitioner did not file a response to Respondent's answer and therefore did not directly address Respondent's procedural default argument. While Petitioner does offer explanations for his failure to seek review by the Washington Supreme Court in other submissions, including in his petition and his response to the Order to Show Cause, these documents demonstrate only that Petitioner either misapprehended the state procedural rules governing review of claims by the Washington Supreme Court, or that he deliberately bypassed the State process because he feared an unfavorable result. Petitioner makes no showing that he was prevented from complying with the State's procedural rules by some objective factor external to his defense, it appears clear that he merely chose not to do so. Thus, Petitioner fails to establish cause for his procedural default.

As Petitioner's submissions do not establish cause for his procedural default, the Court need not consider the issue of prejudice. The Court observes as well that Petitioner makes no showing that failure to consider his defaulted claim will result in a fundamental miscarriage of justice. Petitioner therefore fails to demonstrate that his unexhausted claim is eligible for federal habeas review. Accordingly, Petitioner's federal habeas petition should be denied, and this action should be dismissed with prejudice.

**B.     Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

## V.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 4) be denied and that this action be dismissed with prejudice. The Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 3, 2023**.

DATED this 12th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge