THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH ALFRED LINVILLE, JR., <br><br> Petitioner, <br><br> v. <br><br> ROBERT JACKSON, <br><br> Respondent. | CASE NO. C22-5241-JCC <br><br> ORDER |

This matter comes before the Court on Kenneth Linville, Jr.'s objections (Dkt. Nos. 19, 20) to the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 18), his motion for a certificate of appealability (Dkt. No. 21), and his letter to the Court regarding the same (Dkt. No. 22). For the reasons described below, the Court OVERRULES the objections (Dkt. Nos. 19, 20), denies the motion (Dkt. No, 21), ADOPTS the R&R (Dkt. No. 18), and DISMISSES with prejudice Mr. Linville, Jr.'s petition for writ of habeas corpus (Dkt. No. 4).

I.      BACKGROUND

Mr. Linville, Jr. filed a § 2254 petition with this Court seeking habeas relief based on the ineffective assistance of trial counsel. (*See generally* Dkt. No. 4.) Judge Peterson found the petition procedurally barred, due to his failure to timely seek discretionary review of the Court of Appeals' decision denying the personal restraint petition ("PRP"), where the claim was first

raised. (*See* Dkt. No. 18 at 6–10.) Finding that reasonable jurists could not disagree, Judge Peterson then recommended against issuing a certificate of appealability. (*Id.* at 10–11.) In objecting to these recommendations, it appears[1] that Mr. Linville, Jr. argues for an excusal of his failure to exhaust, but does not object to the R&R's conclusion that he failed to exhaust. (*See generally* Dkt. No. 19.)

## II.  DISCUSSION

### 1.  Legal Standard

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when it files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2).

### 2.  Failure to Exhaust

Before seeking federal habeas relief, a prisoner in state custody must exhaust state remedies. 28 U.S.C. § 2254(b). Said another way, the petitioner must "fairly present" claims for which he seeks relief in *each* appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Otherwise, a habeas petition based on those claims is procedurally barred, absent good cause for the procedural deficiency, along with prejudice and/or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 732 (2007). To establish good cause, the prisoner must show that "some objective factor external to the defense," *i.e.*, one that cannot be attributed to the prisoner, prevented efforts to comply with the procedural rule. *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017).

Judge Peterson issued an order to show cause why Mr. Linville, Jr.'s habeas petition should not be dismissed, given his failure to satisfy the exhaustion requirement, namely seeking

---

[1] *Pro se* litigants' pleadings are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

discretionary review of the Court of Appeals' decision denying his PRP, within the one-year period required by RCW 10.73.090. (Dkt. No. 5.) In response, Mr. Linville, Jr indicated that he did not exhaust because he thought doing so would be futile, given the Washington Supreme Court's prior rulings on direct appeal. (*See* Dkt. No. 6 at 1–2.) That may be so, but it is not normally a basis to sidestep the exhaustion requirements. On this basis, Judge Peterson found Mr. Linville, Jr.'s response inadequate and recommended that this Court dismiss his petition as procedurally barred. (Dkt. No. 18 at 8.)

In objecting to Judge Peterson's recommendation, Mr. Linville, Jr. points to no error in her analysis. (*See generally* Dkt. Nos. 19, 20.) Instead, he presents two new arguments.[2] Mr. Linville, Jr. first argues that several statutory exceptions, applicable to PRPs, should apply here. (*See generally* Dkt. No. 19.) But none allow for claims based on the ineffective assistance of counsel. *See* RCW 10.73.100(1)–(6). And, as Judge Peterson found,[3] this is the sole ground for relief articulated in his PRP. (*See* Dkt. No. 4.) Mr. Linville, Jr. next argues that "cause and prejudice" excuse his failure, because any procedural defects lie at the feet of counsel. (*See generally* Dkt. Nos. 19, 20.) But this is not consistent with his prior admission that it was his own decision—not that of his attorney's—not to seek discretionary review. (*See* Dkt. No. 6 at 1–2.) Therefore, the Court FINDS that neither argument has merit.

---

[2] Ordinarily the Court would not consider arguments that "could have been, but were not, introduced to the magistrate judge in the first instance." *Holmes v. Washington Dep't of Corr.*, 2021 WL 1063415, slip op. at 3 (W.D. Wash. Mar. 19, 2021). But courts frequently make an exception to this rule for *pro se* prisoners, because "they act so often as their own counsel in habeas corpus proceedings, [and courts] cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession." *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).

[3] Judge Peterson characterized Mr. Linville, Jr.'s PRP as consisting of only one ground for relief, and he does not contest that characterization in his objections or letter to the Court. (*See* Dkt. Nos. 19, 20, 22.)

3. <u>Certificate of Appealability</u>

A petitioner may appeal dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge, which may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Judge Peterson found that no reasonable jurist could find the issues presented in Mr. Linville, Jr's habeas petition deserve encouragement to proceed further. (*See generally* Dkt. No. 18.) And given the findings above, Mr. Linville, Jr. presents the Court with no reason to depart from that conclusion.

**III.   CONCLUSION**

For the foregoing reasons, Mr. Linville, Jr.'s objections to Judge Peterson's R&R (Dkt. Nos. 19, 20) are OVERRULED. The Court ADOPTS the R&R (Dkt. No. 18), DISMISSES with prejudice Mr. Linville, Jr.'s petition for writ of habeas corpus (Dkt. No. 4), and DENIES his motion for a certificate of appealability (Dkt. No. 21).

DATED this 17th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE